The next case this morning is 522-0699, People v. Travis Allen. Arguing for the defendant appellant is Christina O'Connor. Arguing for the state appellee is Sharon Shanahan. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Morning, counsel. Good morning. Morning, your honor. We have had a lot of questions in our cases this morning, so we're a little behind schedule, but I appreciate your patience. We've already read your briefs, and we're looking forward to your arguments. So, Ms. O'Connor, are you ready to proceed? Yes, your honor. Thank you. All right. You may do so, please. Thank you. May it please the court, counsel. My name is Christina O'Connor. I'm an assistant appellate defender at the Office of the State Appellate Defender, and I represent Mr. Travis Allen in this matter. There are two issues in this case. However, as the state has conceded that a double jeopardy violation occurred due to the ineffective assistance of counsel, I'm going to focus my argument on the remaining issue involving Krinkle. However, if the court has any questions about the double jeopardy issue, I would be happy to answer those. First, as a clarification, in light of the state's concession, Mr. Allen would have a remaining conviction for attempted aggravated vehicular hijacking in case number 21-CF-8. So, that case would still require the remand for an adequate Krinkle inquiry. So, the remaining issue would be dealing with that specific conviction. After Mr. Allen pled guilty, he filed a pro se motion to reconsider sentence, where he alleged several allegations of ineffective assistance of counsel. Many of the claims involved conversations that would have occurred just between Mr. Allen and counsel,  in a timely manner before they expired, or why counsel did not request and obtain court-ordered drug and alcohol evaluations, presumably for sentencing purposes. The trial court did not address Mr. Allen's motion in open court, but instead, in a docket entry, the court stated that it had reviewed Mr. Allen's motion, noted that ineffective assistance of counsel allegations were not appropriate for a motion to reduce sentence, and that the court was involved with all aspects of the case. The court then said that all of the allegations were wholly without merit based on the record, and that additionally, several of the allegations involved trial strategy. The court further stated that the allegations did not raise a sufficient showing of negligence, and that the court concluded no Krinkle hearing was required. After that, Mr. Allen filed another pro se motion, where he again asked to have a Krinkle hearing, and alleged that he had not heard from counsel until April of 2022, where she gave no clue as to what had taken part in court ex parte, nor did she provide any requested documents to him. In another docket entry, the court acknowledged that Mr. Allen filed this pro se motion, but failed to address any of the new claims he raised about counsel, or his continued request to be brought to court for a Krinkle hearing. The purpose of a Krinkle inquiry is to flush out all post-trial claims of ineffective assistance of counsel, or in this case, post-plea claims. It is to make an adequate record of review, and to potentially limit issues on appeal. Until a proper inquiry is done, the record is devoid of necessary information to be able to litigate any of those claims in this court. In this case, the trial court's actions failed to comply with what our Supreme Court requires, because the record was not developed. And if the court did ask counsel about any of the allegations, those conversations occurred off the record. And the contents of that conversation, if it occurred, were not memorialized anywhere in the record. Mr. Allen acknowledges that a Krinkle inquiry may be done in a number of different ways, including relying on the record. And sometimes, depending on the claims, there may be no need for further explanation from the defendant or the attorney. However, for claims that involve trial strategy, or conversations that the court was not a party to, which, for example, would include the allegation that counsel did not relay the state's offers in a timely manner, those allegations required some questions to be asked of counsel or Mr. Allen. And those questions and the answer should be part of the record. Without that, Krinkle is not satisfied, excuse me, and this case must be sent back for a proper initial inquiry. Briefly, I know there is a contested issue with the standard of review. We maintain that it is de novo, because this is about the adequacy of a Krinkle inquiry that was done. And our Supreme Court in Rodis stated that the issue of whether the trial court properly conducted a preliminary Krinkle inquiry presents a legal question that we reviewed de novo. This is not a situation where Mr. Allen is simply asking that he stated enough and counsel should just be appointed, but to actually go back for a proper Krinkle inquiry so the record could be further developed. Therefore, Mr. Allen asked this court to vacate his conviction and sentence for aggravated possession of a stolen police vehicle and to remand for a proper Krinkle inquiry for any ineffective assistance of counsel issues that Mr. Allen has for his remaining conviction in 21 CF 8. Does the court have any questions? Justice Moore, questions? No questions. Justice Barberos? None. Other questions? Thank you, Mr. Conner. Thank you. Your Honor, may I please court counsel? My name is Sharon Shanahan and I represent the people of the state of Illinois. I would like to first touch on the standard of review question. There is no doubt that sometimes Krinkle is reviewed de novo and sometimes it is reviewed for manifest air. What the Supreme Court has said in Jackson is that if the trial court has conducted a proper inquiry and reached a determination on the merits of the defendant's motion, then this court should reverse only if the trial court's action was manifestly erroneous. If the question is whether the trial court conducted a proper Krinkle hearing, then the issue is de novo. It's a distinction. But basically what it amounts to is, in my opinion, what it amounts to is, did the trial court conduct a Krinkle hearing? And that's de novo. And if he did, then did he reach a determination on the merits? Now, I think it's possible after, as I was preparing for this case yesterday and researching the question of the standard of review, it's possible this is one of those issues that has a twofold standard of review. First, did the trial court conduct a Krinkle hearing like he was supposed to? And that's de novo. And second, if he did, did the trial court reach a determination on the merits? And that's manifest weight. It is the position of the state that this trial court did reach a determination on the merits, although the order is included in the docket sheets and not a separate order. It is lengthy and thorough and addresses the defendant's questions. It also answers the important questions of whether the trial court based its evaluation on the claims of, well, whether the trial court based its evaluation on its knowledge of defense counsel's performance at trial and the insufficiency of the defense allegations on their face. Defense counsel's, well, this trial court, as noted on the record, was involved with all aspects of this case, including the hearing where the defendant entered an open plea and the sentencing hearing. After the defendant filed his motion alleging ineffective assistance of counsel, the trial court noted on the record that he reviewed the pro se motion. He reviewed the entire common law record. He ordered a transcript of the plea and the sentencing hearing, and then reviewed those. And then after that, the trial court concluded that the allegations did not raise a sufficient showing of negligence and therefore no further crackling query was required. Now, as defendant conceded in their reply brief and in our argument today, the trial court doesn't have to talk to defense counsel or defendant if it has sufficient knowledge of defense counsel's performance at trial and the insufficiency of the allegations on their face. Were this court to accept defense counsel's argument that this trial court didn't do enough to decide based on his own knowledge, then, I mean, he reviewed the motion. He reviewed the common law record. He ordered the transcripts. He reviewed the transcripts. He was involved in this case from beginning to end. If that is not enough to comply with Crankle's third option, then the third option as expressed in Moore is moot. It can't exist. No court could conduct a Crankle hearing on this basis alone. The other thing is, defendant says that you cannot, at least it's my interpretation of what defendant has said, is that you cannot decide trial strategy under this third option. First of all, the trial court only said that several of them of the allegations are trial strategy, but what he also said was each of the allegations were wholly without merit. There are many of them that are most definitely not strategy. Second of all, as is often the case, the reasons for not doing things are apparent from the record. For example, one of the things that defendant says must be decided, cannot be decided without talking to defense counsel because it's a matter of strategy, is why didn't she order drug addiction analysis? Well, at the sentencing hearing, defense counsel argued that defendant had drug addiction and needed help. The trial court recommended placement in a substance abuse program when he sentenced the record. So based on this record, defense counsel could not have been ineffective for failing to request drug and alcohol evaluation. That's decided obvious to the trial court from the record. It's not a matter of deciding what was going on inside defense counsel's mind when she did this. Obviously, there can be no prejudice. Another one is defense counsel did not file pertinent motions. Doesn't tell us even remotely what these pertinent motions were. And I apologize for the late filing of it, but I did file a motion to cite additional authority that was filed with this court yesterday. People versus Teen, a very recent decision that this court reached. I don't have much to say about Teen, but Teen does say that prejudice cannot be shown by mere conjecture or speculation. And that's what this is. Didn't file pertinent pre-trial motions. Well, that's just conjecture and speculation. The plea office, the defendant's own motions shows that he knew that there was a 12-year plea offer. He knew that there was a 15-year plea offer. The trial court record indicates that she, along with the defendant, were going to meet with the state to discuss pleas. So again, refuted by the record, don't need to know what was going on in the trial courts. Mine, a lot of the times you can look at the results and think, well, of course, that's a frivolous claim, or that's not a sufficient claim of ineffective assistance of counsel because look at the result from it. And finally, as far as the saying that the defense counsel didn't talk to him as far back as January and February, that's a quote. And then until April of 2022, also a quote from the defendant's filings. The question here is contact. It doesn't list any complaints after April.  between January and April. And as noted in the state's brief, that was because of the claims of ineffective assistance of counsel that defendant had made. And defense counsel was prudently waiting for the trial court to rule on those before she had any further interaction with defendant. I have one further thing that might take more than the 19 seconds I have left. But should this court conclude that the trial court did not conduct a Krankel hearing about the claims that defendant did not talk to defendant between January and April, then this court can remand for a preliminary Krankel hearing on that issue alone. And that, again, cites to Peep versus Teen at paragraph 59, which says the trial court is not precluded from limiting Krankel counsel's representations to the claims it found meritorious. There are no other questions. Has the motion to cite additional authority been ruled on? No, Your Honor. Any objection, Ms. O'Connor? As of right now, I've not received a copy of that. I'm not sure if it came through and I just haven't seen it yet. So I would like to wait to read that before I object to it. But for right now... I would ask the other judges if we just want to give her some time to respond if she feels the need. I would not be opposed to that. No objection. How much time are you talking? Seven days? Yes, Your Honor, that should be more than enough time once I get the motion to respond if a response is needed, which I think it sounds like it will be. Thank you. You'll be granted seven days to respond, then we'll move on to subsequently. Thank you. Any other questions? Justice Moore or Justice Barberos? None. Final, Ms. O'Connor? Yes, please. Thank you. So again, the purpose of Crankle, an adequate Crankle inquiry, is to develop the record. So again, there are sometimes situations where no questions are actually needed. In terms of some of the issues that Mr. Allen alleged, specifically the issue about the plea offers, it's not just not knowing about plea offers. There's also an issue of being informed of them timely before they expired. There's nothing in the record that discusses that. There's a couple plea offers that were talked about in the record. It's not clear if there were more or if Mr. Allen would have agreed to take one of the prior plea offers, but it expired. Those are things that need to be included on the record before we can address whether or not counsel is actually ineffective for that specific issue. And that's the whole point here. Crankle is just to develop the record so we don't have these lingering questions. And the state points out that some of these claims may not be sufficient or explained well enough, but that's not what our Supreme Court has held for an adequate Crankle hearing. All the defendant needs to do is allege ineffective assistance of counsel. That is enough to trigger a Crankle inquiry. So he did not need to be specific in order to get a proper inquiry done. And while yes, again, sometimes the court may rely on the record for certain claims, we do argue that if it involves trial strategy or conversations that the court was not a party to, nothing in the record suggests that the court was party to all of the discussions about plea negotiations and whether or not they were timely given to Mr. Allen. So that is something that does need to be further developed here. Otherwise, we would ask this court to, again, vacate Mr. Allen's conviction and sentence for the aggravated possession of a stolen police vehicle and then to remand for a proper Crankle inquiry for any ineffective assistance of counsel allegations that Mr. Allen has in his 21 CF8 case. And then I will probably file a response to the motion to cite additional authority once I read that. So thank you for giving me the opportunity to. Does the court have any other questions? Justice Moore? No. Justice Barberos? None. All right. Thank you. We appreciate your arguments. We'll take those in under consideration. We will issue a decision in due course.